# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER SWANSON and JEFF PRINTZ,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MARINA MARTINS,<br><br>　　　　Defendant. | Civil Action No. 15-1635 (RDM) |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Plaintiffs' motion for attorneys' fees. Dkt. 17. The Court previously granted Plaintiffs' motion for entry of default judgment and awarded monetary damages, but deferred ruling on their request for attorneys' fees in light of the D.C. Circuit's opinion in *Eley v. District of Columbia*, 793 F.3d 97 (D.C. Cir. 2015), and the need for Plaintiffs to further support the billing rates contained in their request. Plaintiffs have withdrawn their request for $75 per hour for administrative staff time, Dkt. 17 at 1, and have provided additional evidence of the rates prevailing in the community for similar legal services. The Court is thus now in a position to **GRANT** in part and **DENY** in part Plaintiffs' petition for attorneys' fees.

In its earlier opinion, the Court concluded that Plaintiffs had justified the number of hours expended in litigating this case and had delegated tasks to the more junior attorney or paralegal where appropriate. *Swanson v. Martins*, --- F. Supp. 3d ---, 2017 WL 123722, at *2 (D.D.C. Jan. 11, 2017). Plaintiffs' counsel also attested that the fees charged in this case were "customary for similar cases handled by [his] firm." Dkt. 10-5 at 2 (Valkenet Decl. ¶ 12). And, significantly, Plaintiffs sought fees *below* the rates set out in the *Laffey* Matrix, which is "the most commonly

used schedule of prevailing rates for lawyers who practice complex federal litigation." *Swanson*, 2017 WL 123722, at *3 (citation and alterations omitted). Nevertheless, in light of the D.C. Circuit's guidance in *Eley* that a district court should not award attorneys' fees based on only the *Laffey* Matrix, the "lawyers' verified time sheets," and the "lawyer's verified statement that he charged his paying clients the rates in the . . . *Laffey* Matrix," the Court deferred decision on Plaintiffs' fee petition to allow for the submission of additional evidence that the "requested rates [we]re in line with those prevailing in the community for *similar services*." *Swanson*, 2017 WL 123722, at *3 (quoting *Eley*, 793 F.3d at 104) (alterations in original).

Plaintiffs have now submitted additional evidence regarding the rates prevailing in the legal community for similar services by lawyers of "reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). In particular, they point to Judge Lamberth's award of fees in *Beck v. Test Masters Educational Services, Inc.*, 73 F. Supp. 3d 12 (D.D.C. 2014). There, lead counsel for the plaintiffs had nineteen years of experience at the time of the fee petition and sought compensation based on hourly rates that ranged from $295 to $485. *Beck*, No. 04-cv-1391, Dkt. 203-1 at 1, 12 (D.D.C. Jan 31, 2014) (Zavareei Decl. ¶¶ 3, 34). A more junior lawyer in that matter, who was four to five years out of law school, billed her time at $250 per hour. *Id.* at 16 (Zavareei Decl. ¶ 44). The highest rate charged by a paralegal in that case was $85 per hour, substantially below the then-applicable *Laffey* rate of $145 per hour. *Id.* at 17 (Zavareei Decl. ¶ 46).

Judge Lamberth granted the fee petition, concluding that "the rates [requested] are reasonable and customary for the D.C. community" and noting "[a]lmost all of the rates requested by plaintiffs are below the accepted *Laffey* rate." *Beck*, 73 F. Supp. 3d at 18 & n.5. This evidence provides the necessary support for the proposition that Plaintiffs' attorneys, who

2

have similar levels of experience to the attorneys in *Beck* and charged similar fees, *see Swanson*, 2017 WL 123722, at *3, seek fees in line with those prevailing in the community for similar legal services. The fee award that Judge Lamberth sustained in *Beck*, however, does not support a rate of $150 per hour for law clerk and paralegal time, which Plaintiffs seek in this case. Dkt. 10-5 at 2 (Valkenet Decl. ¶ 9). Because Plaintiffs do not offer any alternative evidence of the prevailing rate for comparable paralegal/law clerk services, the Court will reduce the rate sought for paralegal/law clerk time to $85 per hour, in line with *Beck*. Plaintiffs claim 17.6 hours of law clerk time, leading to a total award of $1,496 for that time.

Accordingly, Plaintiffs' supplemental motion for attorneys' fees, Dkt. 17, is **GRANTED** in part and **DENIED** in part. Plaintiffs are hereby awarded attorneys' fees in the amount of $13,466, which represents the initial total claimed of $14,805, less 2.6 hours of administrative time at $75 per hour and a $65 per hour reduction in law clerk time for 17.6 hours.

**SO ORDERED**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: April 7, 2017